**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

4 GP, INC., a corporation,
BRETT RICE, an individual,
and VICTOR BONOMI, an individual,

      Plaintiffs,

vs.

TURNING POINT BRANDS, INC.,
INTERNATIONAL VAPOR GROUP, LLC,
GRAHAM PURDY, an individual,
MARC WAXMAN, an individual,
CORTNI LEWIS an individual,
JOHN DOES 1–10, and
ABC COMPANIES 1–10,

      Defendants.

_____

CASE NO. 1:20-cv-24390-JEM

**DECLARATION OF CORTNI LEWIS IN**
**SUPPORT OF DEFENDANTS' MOTION**
**FOR SUMMARY JUDGMENT**

I, Cortni Lewis, hereby affirm:

1.     I am an individual over the age of eighteen (18) years, and I am Vice President of Store and Marketing Operations for International Vapor Group, LLC ("IVG") now known as TPB International, LLC.

2.     I submit this Affidavit in support of Defendants Turning Point Brands, Inc. ("Turning Point"), IVG, Graham Purdy ("Purdy"), Marc Waxman ("Waxman") and Cortni Lewis ("Lewis") Motion for Summary Judgment.  The following statements are based on my personal knowledge and/or the data and reports, as business records, of non-party VaporFi Franchising, LLC ("VaporFi"), which were made as part of VaporFi's regular practice, are kept in the ordinary course of regularly conducted business activity, were accurate when made by persons with knowledge, and over which I have control and access as a records custodian.

1

82231153.5

DocuSign Envelope ID: 11132258-43C7-4586-98B6-FFC49A96C4F3

3.      4GP entered into a development agreement with VaporFi dated September 18, 2014 ("Development Agreement"), pursuant to which VaporFi granted 4GP the right to open and operate five VaporFi franchised locations in the greater Washington, D.C. area.  A true and correct copy of the Development Agreement is attached hereto as Exhibit A.

4.      4GP then entered into four franchise agreements with VaporFi for four locations, with each franchise agreement granting 4GP the right to own and operate a specific VaporFi franchised location pursuant to the terms and conditions thereof.  The four franchise agreements (individually, "Franchise Agreement," and collectively, "Franchise Agreements") are attached as Exhibit B through Exhibit E hereto.  The Franchise Agreements were entered into as follows: Franchise Agreement dated September 18, 2014 for a location in Woodbridge, Virginia ("Potomac Mills") (Exhibit B); Franchise Agreement dated January 16, 2015 for a location in Washington, D.C. ("Georgetown") (Exhibit C); Franchise Agreement dated March 12, 2015 for a location in Arlington, Virginia ("Columbia Pike") (Exhibit D); and Franchise Agreement dated March 12, 2015 for a location in Alexandria, Virginia ("Huntington") (Exhibit E).

5.      4GP consistently failed to pay owed royalty fees and marketing fund contributions throughout 2018 and 2019.

6.      VaporFi provided written notice to 4GP every month that 4GP owed said royalty fees and marketing fund contributions.  These monthly statements provided notice to 4GP of its then-current balances owed to VaporFi and attached an accounting of royalty fees, marketing fees, product orders, sales and refunds, reconciliation monies, discounts and other amounts. Multiple of these written notices stated in their subject lines that they were providing notice of 4GP's "Past Due Amounts." True and correct copies of examples of the monthly notices from

2

82231153.5

January through June 2019, informing 4GP of past due amounts each month, are attached as Exhibit F. Specifically:

    a.  For the month of January 2019, 4GP owed but did not pay their balance of $906.66.

    b.  For the month of February 2019, 4GP owed but did not pay their balance of $1,340.44.

    c.  For the month of March 2019, 4GP owed but did not pay their balance of $2,178.59.

    d.  For the month of April 2019, 4GP owed but did not pay their balance of $3,216.26.

    e.  For the month of May 2019, 4GP owed but did not pay their balance of $4,338.12.

    f.  For the month of June 2019, 4GP owed but did not pay their balance of $5,283.52.

*See* Exhibit F.

7.    Notwithstanding the written notices, 4GP did not pay the above-noted royalty fees or marketing fund contributions.

8.    I never told anyone associated with 4GP that they could withhold or not pay their royalty fees or marketing fund contributions, and based on my review of the business records, there is no written communication, nor any writing or signed document or communication indicating to plaintiffs that they could withhold the royalty fees or marketing fund contributions at any time.

I declare under penalty of perjury that the foregoing is true and correct.

3

82231153.5

Executed:  February 25, 2022

DocuSigned by:

*Cortni Lewis*

176D70C36981492...

Cortni Lewis

Notary: Kristin Fryrear

My Commission Expires: August 1, 2025

DocuSigned by:

DS

*Kristin Fryrear*

F856D41CF3A84E6...



4

82231153.5